# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **GEORGE WESTERMAN** | * |  |
| **Plaintiff,** | * |  |
|  |  | **CIVIL NO. JKB-21-2255** |
| v. | * |  |
| **CONSTAR FINANCIAL SERVICES, LLC** | * |  |
| **Defendant.** | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On September 2, 2021, this case was removed from the District Court of Maryland for Baltimore County on the grounds that this Court had federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim 15 U.S.C. § 1692 *et seq.* and supplemental jurisdiction over Plaintiff's related state law claims. (ECF No. 1.) Following removal, Plaintiff filed a Notice styled as a Suggestion of Lack of Subject Matter Jurisdiction. (ECF No. 6.) Despite its unusual styling, it is clear that the Notice should be construed as a Motion to Remand. (*Id.* ("If the violation of Mr. Westerman's rights created by Congress cannot be redressed in this Court the case must be remanded.")); *see also* 28 U.S.C. § 1447(c) (emphasis added) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."). Defendant has lodged an objection to the Notice, (ECF No. 12), and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). The Court concludes that it retains jurisdiction over this lawsuit at this juncture, and accordingly Plaintiff's Notice—construed as a Motion to Remand—will be denied.

## *I.  Background*

Plaintiff's Complaint alleges violations of the FDCPA and Maryland state law arising from debt collection activities conducted by Defendant. (*See* ECF No. 7.) Specifically, Plaintiff alleges that he owed "an alleged debt to M&T Bank (Creditor) incurred for personal, family or household purposes." (*Id.* ¶ 4.) Plaintiff advised M&T Bank that an attorney represented him, that he disputed the debt, and that M&T Bank should contact Plaintiff about the debt only through Plaintiff's counsel. (*Id.* ¶¶ 6–7.) Despite this, Defendant, who allegedly contracts with M&T Bank as a debt collector, "sent Plaintiff letters in an attempt to collect Plaintiff's alleged debt." (*Id.* ¶¶ 9, 11.) Plaintiff further alleges that direct contact with him through these letters violated federal and state law, and that they "harass[ed]" Plaintiff and cause him to "experience[] emotional distress and incur[] attorneys' fees." (*Id.* ¶¶ 13, 16.)

## *II.  Analysis*

Plaintiff argues that this Court lacks jurisdiction because Plaintiff's allegations do not establish Article III standing. (*See* ECF No. 6-1 at 2.) To establish standing, a plaintiff must show that he or she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Ben-Davies v. Bilbaum & Assocs., P.A.*, 695 F. App'x 674, 675 (4th Cir. 2017) (quoting *Spokeo Inc. v. Robins*, 578 U.S. 330, 337 (2016)). The Fourth Circuit has held that a plaintiff establishes standing by alleging that he or she "'suffered' . . . actually existing intangible harms that affect [him or] her personally: 'emotional distress, anger, and frustration,'" as a result of an FDCPA violation. *Id.* at 676–77. Plaintiff has not only alleged these sorts of intangible harms but has also claimed that Defendant's FDCPA violation caused him pecuniary harm by requiring him to incur attorney's fees. (ECF No. 7 ¶ 16.) *Ben-Davies* thus appears dispositive of this Court's jurisdictional analysis.

Plaintiff suggests, however, that *Ben-Davies* was abrogated by the Supreme Court's holding in *TransUnion LLC v. Ramirez*, ___ U.S. ___, 141 S. Ct. 2190 (2021). In that case, TransUnion compiled credit reports that misleadingly suggested certain persons were on a list of "'specially designed nationals' who threaten America's national security" maintained by the U.S. Treasury Department's Office of Foreign Assets Control (the "OFAC list"). *Id.* at 2201. Those persons brought a class action against TransUnion, claiming violation of the Fair Credit Reporting Act. *Id.* at 2200. The Supreme Court ultimately determined that *some* members of that class lacked Article III standing. *Id.* at 2214. Specifically, it concluded that "[t]he 6,322 class members whose credit reports were not provided to third-party businesses did not suffer a concrete harm," but that "[t]he 1,853 class members whose credit reports were provided to third-party businesses suffered a concrete harm and thus have standing." *Id.* The distinction was drawn based on the Supreme Court's conclusion that "the mere existence of inaccurate information in a database is insufficient to confer Article III standing" without some disclosure of that information. *Id.* at 2209–10.

That distinction has no applicability here, where Plaintiff alleges Defendant's FDCPA violation did far more than "sit[] in a company database." *Id.* at 2210. Nor do any of the broader principles enumerated in *TransUnion* suggest that *Ben-Davies* is no longer good law. *Id.* at 2204 (citing *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020)) ("Various intangible harms can also be concrete . . . includ[ing], for example, reputational harms, disclosure of private information, and intrusion upon seclusion."); *Gadelhak*, 950 F.3d at 462 ("We therefore agree . . . that unwanted text messages can constitute a concrete injury-in-fact for Article III purposes."). Thus, this Court must follow *Ben-Davies*, conclude that Plaintiff has established Article III standing, and find that it retains jurisdiction over this case. Accordingly, a separate letter Order

will issue setting this case for a Scheduling Conference and providing a Proposed Scheduling Order.

DATED this 4 day of October, 2021.

BY THE COURT:

James K. Bredar
Chief Judge